United States Bankruptcy Court
Southern District of Texas

**ENTERED**

February 10, 2025

Nathan Ochsner, Clerk

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| Houston Truck Wash & Lube, Inc. | § | Case No. 24-34706 |
| | § | |
| Debtor | § | |
| | § | |
| | § | Chapter 11 |

### ORDER CONFIRMING DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION

(Docket No. 71)

CAME ON FOR CONSIDERATION on February 10, 2025, the First Amended Plan of Houston Truck Wash & Lube, Inc. (the "Debtor") (Docket No. 71) (the "Plan") under 11 U.S.C. §1191. The Court finds that notice of the hearing on confirmation of the Plan and deadlines regarding filing written objections to the Plan has been given in accordance with the Bankruptcy Code, and the Federal and Local Rules of Bankruptcy Procedure.

Three creditors voted on the Plan. American Express National Bank and Ford Motor Credit Company, LLC voted to accept the Plan and Carolyn Cook as the representative of the landlord at 7821 Lyons amended her vote to accept the Plan.

It is therefore

**ORDERED THAT**:

      A.    The Plan, filed at docket 71 in this case, complies with all applicable provisions of the Bankruptcy Code and applicable Bankruptcy Rules relating to confirmation and is hereby **CONFIRMED** under 11 U.S.C. § 1191(b).

      B.    In accordance with 11 U.S.C. § 1142, the Debtor is authorized and directed without the need for any further approval to immediately take any action necessary or appropriate to implement, effectuate, and consummate the Plan and any transactions contemplated thereby or by this Order in accordance with their respective terms.

      C.    Melissa Haselden, appointed as the Subchapter V Trustee of this case (the "Trustee"), pursuant to 11 U.S.C. § 1183, may file with the Court an application for professional fees, under 11 U.S.C. § 330, for services performed.

      D.    [intentionally omitted]

  E. [intentionally omitted]

  F. [intentionally omitted]

  G. Notwithstanding any language in the Plan to the contrary, interest shall not accrue on unsecured non-priority claims.

  H. [intentionally omitted]

  I. [intentionally omitted]

  J. Default remedies under the Plan include Default Notices, and the right for creditors to proceed to collect all amounts owed pursuant to state law without further recourse to the Bankruptcy Court if a default is not cured within the time provided for in the Plan.

  K. <u>Provisions applicable to the taxing entities: Harris County, City of Houston, Houston ISD, and Houston Community College System (Classes 1, 2, 3, 4)</u>: Any prepetition and post-petition tax liens securing the ad valorem taxes shall be retained until such taxes are paid in full. Failure to make a timely plan payment shall be considered a Default as to this creditor, and such creditor may send a written notice of the default to the reorganized Debtor and counsel for the Debtor by Regular Mail and by email (see Art. VI of the Confirmed Plan for address and emails). If the reorganized Debtor does not cure the default within 30 days after receiving the written default notice, the creditor may proceed to collect all amounts owed pursuant to state law without further recourse to the Bankruptcy Court. Debtor shall pay the taxes attributable for the 2025 tax year in the ordinary course, as final billed, and be subject to the Texas Tax Code, including accrual of penalties and interest in the event of delinquency, and immediate collection actions in state court, without further notice or order from the Bankruptcy Court. No administrative expense claim or a request for payment is required for payment of any ad valorem taxes.

  L. <u>Provisions Applicable to Carolyn Cook ("Landlord") (Class 7)</u>: Landlord filed proof of claim number 12 in this case. The claim is for amounts due under a lease agreement (the "Lease") between the Debtor and Charles W. Cook Trustee for a lease for real property at 7821 Lyons Avenue, Houston, Harris County, Texas 77029-1129 from July 1, 2023 to June 30, 2028. The claim is for $82,000 with an amount of $11,000 in section 10 that is necessary to cure defaults on the date of the petition. The claim includes ongoing lease payments. The Debtor and the Landlord have agreed that the Landlord has received all base rent under the Lease through February of 2025. In the Lease, the Debtor is responsible for payment of the *ad valorem* taxes on the real property. The Debtor has

provided to counsel for the Landlord notices from the taxing authorities that such *ad valorem* taxes have been paid; provided that such payments must post and be accepted by the taxing authorities. Debtor agrees to have all *ad valorem* taxes for 2024 paid in full no later than 60 days from the effective date of this Order. The Debtor also owes $3,000 in late fees under the Lease. The Debtor will pay such amount to the Landlord within 60 days of the entry of this Order. Failure to pay the ad valorem taxes or the late fees shall be a default under the Plan. The Landlord may take actions allowed under this Plan and the Lease for a default without further order of this court. The payment of the ad valorem taxes and late fees shall satisfy all arrearage amounts under the Lease. If the Debtor pays the *ad valorem* taxes in full for 2024, pays the late fees of $3,000 and pays rent for March of 2025, the Debtor will be deemed to have paid all arrearage to the Landlord and payments under the Lease will be deemed current.

Signed: February 10, 2025

Jeffrey P. Norman
United States Bankruptcy Judge